Robert F. Frey Haskell County Counselor The Amidon House 1005 N. Market Wichita, Kansas 67214-2911
Dear Mr. Frey:
As Haskell county counselor you request our opinion on the county commission's authority to enforce its non-smoking policy in the sheriff's office, which is located in the courthouse. More specifically, you ask: "Who is the `proprietor or other person in charge' of the area occupied by the sheriff's department in so far as the right to establish and enforce a smoking policy where the sheriff's department is located within the confines of the county courthouse building?"
K.S.A. 21-4010 provides:
 "(a) No person shall smoke in a public place or at a public meeting except in designated smoking areas.
 "(b) Smoking areas may be designated by proprietors or other persons in charge of public places, except in passenger elevators, school buses, public means of mass transportation and any other place in which smoking is prohibited by the fire marshal or by other law, ordinance or regulation.
 "(c) Where smoking areas are designated, existing physical barriers and ventilation systems shall be used to minimize the toxic effect of smoke in adjacent nonsmoking areas."
 "Public place" is defined as "enclosed indoor areas open to the public or used by the general public including but not limited to: Restaurants, retail stores, public means of mass transportation, passenger elevators, health care institutions or any other place where health care services are provided to the public, educational facilities, libraries, courtrooms, state, county or municipal buildings, restrooms, grocery stores, school buses, museums, theaters, auditoriums, arenas and recreational facilities." K.S.A. 21-4009.
In Attorney General Opinion No. 92-33, then Attorney General Robert T. Stephan concluded that the board of county commissioners has the authority to designate and decide which areas of the courthouse, except those used for judicial functions, are to be smoking areas. The board of county commissioners has the authority:
 "[T]o make such orders concerning the property belonging to the county as they may deem expedient, including the establishing of regulations, by resolution, as to the use of such property and to prescribe penalties for violations thereof. . . .
 "[T]o represent the county and have the care of the county property, and the management of the business and concerns of the county, in all cases where no other provision is made by law." K.S.A. 19-212.
We conclude that the board of county commissioners is the "proprietor of person in charge" of the non-judicial areas of a county courthouse. Since this is a criminal statute, language granting total discretion must be given its ordinary meaning. Complete discretion is left to the proprietor or person in charge of the premises to designate any percentage of the premises as a smoking area. Attorney General Opinion No. 87-89.
Additionally, the board of county commissioners, as a local legislature, may pass a resolution regulating smoking. K.S.A.21-4313 provides:
 "Nothing in this act shall prevent any city or county from regulating smoking within its boundaries, so long as such regulation is at least as stringent as that imposed by this act. In such cases the more stringent local regulation shall control to the extent of any inconsistency between such regulation and this act."
In conclusion, K.S.A. 21-4010 prohibits smoking in a public place or at a public meeting except in designated smoking areas. The board of county commissioners, as the "proprietor or person in charge" of the county courthouse, has the authority to decide which, if any, areas will be designated as smoking areas.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
CJS:JLM:NKF:bas